IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15 CR 38-6

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| JESSICA HOPE WELLS. ) | |
| ) | |
| _____ ) | |

**THIS CAUSE** came on to be heard and was heard before the undersigned pursuant to a Motion for Bond Modification (#136) filed by Defendant's attorney. In the motion, Defendant's counsel request that Defendant be released on terms and conditions of pretrial release and contends that, pursuant to 18 U.S.C. § 3145(c), there are exceptional circumstances why Defendant's detention would not be appropriate. After hearing evidence presented by Defendant and arguments of counsel for Defendant and arguments of the Assistant United States Attorney and the records in this cause, the Court makes the following findings:

**Findings.** On June 2, 2015 a bill of indictment (#1) was issued charging the Defendant with conspiracy to manufacture mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846 and four counts of possession of pseudoephedrine and knowing and having reasonable cause to believe that that specific chemical would be used to manufacture

1

methamphetamine in violation of 21 U.S.C. § 841(c)(2). In the bill of indictment, it was described that the acts of Defendant and her co-defendants occurred between February 2012 and April 27, 2012 and specifically, the acts of Defendant occurred between March 27, 2012 and April 3, 2012.

After the arrest of Defendant on June 2, 2015, Defendant was released by the undersigned upon recommendation by the Assistant United States Attorney upon terms and conditions of pretrial release (#22). On August 14, 2015 the undersigned held an inquiry, pursuant to Rule 11 of the Federal Rules of Criminal Procedure and accepted a plea of guilty of Defendant to count twenty-four of the bill of indictment which charged her with possessing pseudoephedrine having reasonable cause to believe that this chemical would be used to manufacture methamphetamine in violation of 21 U.S.C. § 841(c)(2). After accepting the plea of guilty of Defendant, the undersigned entered an Order (#135) detaining Defendant pursuant to 18 U.S.C. § 3143(a)(2). On August 20, 2015 Defendant filed a motion (#136) requesting she be released based upon exceptional circumstances and pursuant to 18 U.S.C. § 3145(c ).

The Pretrial Services Report in this matter shows that Defendant was arrested in Cherokee County, NC on April 30, 2012 and charged with possession of a schedule II controlled substance and simple possession of a schedule VI controlled substance. The next day, on May 1, 2012, Defendant was charged with conspiracy

to manufacture methamphetamine. All of these charges were dismissed without leave on May 24, 2012. Defendant's mother, Jean LeFeaver, testified that when the state charges against Defendant were dismissed on May 24, 2012, she and Defendant were advised that the criminal charges against Defendant were dismissed with prejudice and would not be reinstated. When Defendant was arrested in June 2015, Mrs. LeFeaver participated in a conversation that Defendant had with the arresting officer. The arresting officer told Defendant that if Defendant would cooperate, she would not receive any jail time.

Mrs. LeFeaver testified that she and her husband reside in Murphy, NC. Defendant came to reside with her mother and father in 2013 after the charges against Defendant were dismissed. Thereafter, Defendant gave birth to a baby boy on April 11, 2014.

Mrs. LeFeaver testified that in 2012 the Defendant participated in inpatient substance abuse treatment in Black Mountain, NC for methamphetamine abuse and then later completed an outpatient program at Appalachian Community Services in 2013 for substance abuse. Mrs. LeFeaver described that her daughter had become a different person. Her daughter is devoted to the care of her son and her daughter now has a loving relationship with her mother and father. Mrs. LeFeaver is 71 years old and is employed and her husband, Defendant's father, is 74 years old and is in questionable health. Defendant helps provide care for her father and Defendant

provides all care for her minor child. If Defendant remains incarcerated Mrs. LeFeaver will lose her employment because she will have to then provide all care for her husband and the minor child.

Defendant presented into evidence a letter from Michael T. Madren (Def.'s Exhibit #1). In the letter, Mr. Madren describes that Defendant began attending substance abuse outpatient at Appalachian Community Services on June 5, 2013 and successfully completed 12 weeks of intensive outpatient treatment totaling 108 hours of treatment and that Defendant was an active participate in the treatment process.

**Discussion.** The motion filed by Defendant is based upon 18 U.S.C. § 3145(c). That statute provides as follows:

> **(c) Appeal from a release or detention order.**---
>
> An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

In October 2009 United States District Judge Martin Reidinger assigned to the undersigned the task of conducting exceptional circumstances determination in criminal matters pending in this district. What constitutes exceptional circumstances had been defined by Judge Reidinger in <u>United States v.Vilaiphone</u>, 2009 WL

412958 (February 19, 2009 W.D.N.C.). In <u>Vilaiphone,</u> Judge Reidinger stated:

> Courts generally have defined "exceptional reasons" as circumstances which are "clearly out of the ordinary, uncommon, or rare." See <u>United States v. Larue</u>, 478 F.3d 924, 926 (8th Cir. 2007) (finding defendant's compliance with terms of pretrial release, lack of criminal record, payment of child support, and continued employment were not exceptional reasons warranting release); <u>United States v. Lea</u>, 360 F.3d 401, 403 (2d Cir. 2004) ("Exceptional circumstances exist where there is 'a unique combination of circumstances giving rise to situations that are out of the ordinary.'") (quoting <u>United States v. DiSomma</u>, 951 F.2d 494, 497 *2d Cir. 1991)). The fact that the Defendant has cooperated with the Government and has complied with the terms and conditions of his pretrial release do not constitute exceptional reasons warranting his continued release pending sentencing. See <u>United States v. Little</u>, 485 F.3d 1210, 1211 (8th Cir. 2007) ("It is not exceptional to expect every defendant to timely appear in court and to obey the court's order concerning pretrial conditions of release. Nor it is clearly out of the ordinary, uncommon or rare for defendants to cooperate in the investigation of their criminal acts."). Similarly, the Defendant's lack of a significant criminal history and his gainful employment, while commendable, do not rise to the level of "exceptional reasons." See <u>Lea</u>, 360 F.3d at 403-04 ("There is nothing 'exceptional about going to school, being employed, or being a first-time offender, either separately or in combination."). Finally, while the Court is cognizant of the hardships that the Defendant's detention will create for his immediate family, such hardships are common to nearly every case involving a term of imprisonment and thus do not qualify as "exceptional reasons" under § 3145(c). See <u>United States v. Garcia</u>, 340 F.3d 1013, 1022 (9th Cir. 2003) ("Hardships that commonly result from imprisonment do not meet the standard."); <u>United States v. Mahabir</u>, 858 F.Supp 504, 508 (D.Md. 1994)("A defendant's incarceration regularly creates difficulties for him and his family. Courts have found that such purely personal considerations do not constitute exceptional reasons within the meaning of Section 3145(c).")

The undersigned finds several exceptional circumstances exists in this case.

One particular circumstance arises in regard to the charges against Defendant.

Although the Defendant's criminal acts allegedly occurred in the spring of 2012, the present charges in federal court were not brought against Defendant until over three years later, in June 2015. No explanation has been given to the Court for this delay despite requests from the Court for such explanation.

Another exceptional circumstance is that Defendant was advised in 2012 that the criminal charges in state court against her had been dismissed with prejudice. When arrested, Defendant was told by law enforcement officers if she cooperated Defendant would not receive an active sentence of confinement in prison. No explanation has been provided as to why Defendant was given this information by the arresting officer, especially in light of the fact that the charges against Defendant appear to have a minimum period of incarceration as a required sentence.

Between the time of the dismissal of the charges in state court in 2012 and Defendant's arrest, her life has changed substantially. In 2013, Defendant went to reside with her mother and father and in April 2014 gave birth to a child. Since that date, she has assisted in care for her father and total care for her minor child. Testimony was presented that if Defendant remains incarcerated, Defendant's mother would have to resign from her job to provide care for Defendant's father and for the minor child.

Another unusual circumstance that exists in this case is the Defendant's dedication to sobriety. From the evidence presented by Defendant, that being the

letter of the counselor, Mr. Madren, and also the Defendant's mother, it appears that Defendant's dedication to sobriety since 2013 has been exceptional.

The Court finds that the above circumstances involving Defendant, the dismissal of state charges against the Defendant and then three years later the presentation of federal charges against Defendant, the circumstances regarding Defendant's care for her son, her father and her dedication to sobriety are "clearly out of the ordinary, uncommon, or rare." Those circumstances merit the continued release of the Defendant on terms and conditions of presentence release pending sentencing.

**ORDER**

**IT IS, THEREFORE, ORDERED**, that Motion for Bond Modification (#136) is **ALLOWED** and Defendant will be released on terms and conditions of presentence release pending further orders of the Court.

Signed: October 13, 2015

Dennis L. Howell
United States Magistrate Judge